FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 0 5 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

JUAN MARTE,

## CV 14                    3547

                      Plaintiff,   **COMPLAINT**

          -against-

THE CITY OF NEW YORK; and P.O. JOHN DOES
# 1-5; the individual defendant(s) sued     ECF Case
individually and in their official
capacities,                     Jury Trial Demanded

                    Defendants.

BLOCK, J.

POHORELSKY, M.J.

----------------------------------------X

### PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff
seeks relief for the violation of plaintiff's rights secured by
42 U.S.C. § 1983; the Fourth, Fifth, Sixth, and Fourteenth
Amendments to the United States Constitution; and the laws of
the State of New York.  Plaintiff's claims arise from an
incident that arose on or about March 7, 2013.  During the
incident, the City of New York, and members of the New York City
Police Department ("NYPD") subjected plaintiff to, among other
things: unlawful search and seizure; false arrest; assault;
battery; unreasonable force; failure to intervene; and
respondeat superior liability.  Plaintiff seeks compensatory and
punitive damages, declaratory relief, an award of costs and

attorney's fees, pursuant 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.   Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.   Plaintiff's notice of claim was duly filed on defendant City of New York within 90 days of the incidents at issue, and more than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiff's claims.   Moreover, this action has been filed within one year and 90 days of the incident.   Plaintiff participated in a 50-H hearing.   Plaintiff has satisfied all conditions precedent for the filing of this action.

4.     Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.    Plaintiff Juan Marte is a resident of the State of New York, Kings County.

6.    At all times alleged herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.    At all times alleged herein, P.O. John Does # 1-5 were New York City Police Officers employed with the 72nd Precinct, located in Kings County, New York, or an other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

8.    The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

### The Incident

9.    On March 7, 2013, at and in the vicinity of 4110A 4th Avenue, Brooklyn, New York 11232, and the 72nd Precinct, Brooklyn, New York, police officers operating from the 72nd Precinct, including upon information and belief, defendants P.O. John Does # 1-5, at times acting in concert, and at times acting independently, committed the following illegal acts against plaintiff.

3

10.    On March 7, 2013, at approximately 10:00 p.m., at and in the vicinity of a Plaza Market, a grocery store located at 4110A 4th Avenue, Brooklyn, New York 11232, P.O. John Does # 1-5, without probable cause, an arrest warrant, or reasonable suspicion that plaintiff or the storeowner had committed a crime unlawfully arrested plaintiff and the storeowner.

11.    Plaintiff was working at Plaza Market when the police entered the store, upon information and belief, without a warrant.

12.    The police searched the premises.

13.    Plaintiff and the storeowner did not consent to the search the premises.

14.    The police falsely claimed that they found a firearm in a bathroom.

15.    The police handcuffed both plaintiff and the storeowner.

16.    The police drove plaintiff and the storeowner to the 72nd Precinct for arrest processing.

17.    No weapons, contraband or narcotics were recovered from plaintiff's or the store owner's person.

18.    Plaintiff and the storeowner remained at the 72nd Precinct for many hours before being removed to Brooklyn Central Booking for arraignment.

4

19.    Plaintiff then waited at Central Booking for many more hours.

20.    In order to cover up their illegal actions, the defendant officers, pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiff had committed various crimes and the District Attorney decided to prosecute plaintiff.

21.    The defendants made these false allegations, despite the fact that they had no evidence that plaintiff or the storeowner had committed a crime, to cover up their misconduct, to meet productivity goals and quotas, and to justify overtime expenditures.

22.    At arraignment, the case against plaintiff was adjourned in contemplation of dismissal.

23.    Plaintiff was shocked, humiliated and embarrassed by the experience.

24.    The storeowner's case was resolved with a non-criminal disposition, specifically a disorderly conduct violation.

**General Allegations**

25.    The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

5

26.   Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

27.   At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

28.   The defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

29.   As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

6

30.    Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

### FIRST CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

31.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

32.    Defendants unlawfully stopped and searched plaintiff without cause or consent.

33.    Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

### SECOND CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

33.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

34.    Defendants unlawfully stopped and searched plaintiff without cause or consent.

35.    Accordingly, defendants are liable to plaintiff for unlawful search and seizure under New York State law.

7

## THIRD CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

36.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

37.   Defendants falsely arrested plaintiff without consent, an arrest warrant, a search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

38.   Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## FOURTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

39.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

40.   Defendants falsely arrested plaintiff without consent, an arrest warrant, a search warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

41.   Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

## FIFTH CLAIM

### (UNREASONABLE FORCE)

42.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

8

43.   The individual defendants' use of force upon plaintiff was objectively unreasonable.

44.   The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff.

45.   Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

46.   Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SIXTH CLAIM

### (ASSAULT)

47.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

48.   Among other things as described above, defendants' search and seizure, battery, false arrest, and unreasonable use of force against plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts.

49.   Accordingly, defendants are liable to plaintiff under New York State law for assault.

## SEVENTH CLAIM

### (BATTERY)

50.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

51.   Among other things as described above, defendants' search and seizure, false arrest, and unreasonable use of force against plaintiff were illegal physical contacts.

52.   Accordingly, defendants are liable to plaintiff under New York State law for battery.

## EIGHTH CLAIM

### (FAILURE TO INTERVENE)

53.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

54.   Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

55.   Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## NINTH CLAIM

### (RESPONDEAT SUPERIOR)

83.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

84. The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including falsely arresting, assaulting, and battering plaintiff.

85.   The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.   Compensatory damages in an amount to be determined by a jury;

b.   Punitive damages in an amount to be determined by a jury;

c.   Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d.   Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   Brooklyn, New York
         June 3, 2014

MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiff*
16 Court Street, suite 3301
Brooklyn, New York 11241
(718)246-2900
mhueston@nyc.rr.com
By:

MICHAEL O. HUESTON

ROBINSON IGLESIAS, ESQ.
*Attorney for Plaintiff*
16 Court Street, Suite 3301
Brooklyn, New York 11241